## Mary Canfield *vs.* Luke B. Miller.

In an action on a judgment, a declaration which sets forth the recovery of the judgment, an issue of execution, and an acknowledgment of satisfaction by receipt of a note for the amount thereof, and that the note was by mistake written for a smaller sum than the amount of the execution, and that the judgment to that extent is unsatisfied, shows a good cause of action for the unsatisfied part of the judgment.

Under an answer averring payment by note, evidence of payment in money, or by a check, is inadmissible.

Nonjoinder of a defendant in an action of contract is matter of abatement only.

Action of contract on a judgment of the court of common pleas. The declaration, after setting forth the recovery of the judgment for the sum of $220, damages and costs, against the defendant and William A. Forbes, averred that it remained in full force and unsatisfied in part, to wit, for the sum of $100 and interest, although an execution had been issued, and duly returned, with an indorsement thereon by the plaintiff's attorney, acknowledging the receipt, by direction of the plaintiff, of a note for the amount thereof; that said note was by mistake written for one hundred dollars less than the amount of the execution, and that sum and interest were still due and unpaid; and that since said judgment, Forbes had applied for the benefit

Canfield *v.* Miller.

of the insolvent laws, and obtained a certificate of discharge, and therefore was not made a joint defendant in this action.

The defendant demurred, because the declaration did not state a legal cause of action, but showed on its face that the plaintiff had, in this form of action, no legal claim against the defendant; and his counsel contended that the plaintiff's remedy, if any, was in equity.

In the court of common pleas, *Sanger,* J. sustained the demurrer; and the plaintiff alleged exceptions, which were argued and passed upon by the court at September term 1857.

*C. N. Emerson,* for the defendant, cited *St.* 1856, *c.* 38; 1 Story on Eq. § 167; *East India Co.* v. *Donald,* 9 Ves. 275; *East India Co.* v. *Neave,* 5 Ves. 173; *Master* v. *Miller,* 4 T. R. 320; Chit. Bills, (10th Amer. ed.) 184; *Alner* v. *George,* 1 Camp. 392; *Cumber* v. *Wane,* 1 Stra. 426, and notes thereto in 1 Smith Lead. Cas.

*B. Palmer,* for the plaintiff, cited *Gooch* v. *Atkins,* 14 Mass. 378; *Tate* v. *Anderson,* 9 Mass. 92.

By THE COURT. The averment in the declaration, as to the acknowledgment of satisfaction on the execution, was unnecessary. If such acknowledgment of satisfaction had been pleaded by the defendant, the plaintiff might then have replied and proved the mistake. But taking together all the averments in the declaration, (the truth of which is admitted by the demurrer,) it sufficiently shows that full satisfaction was acknowledged by mistake; and for that portion of the judgment which remains unsatisfied, this action may well be maintained.

*Demurrer overruled, and case remitted to court of common pleas.*

The defendant then filed an answer, in which he denied all the allegations in the declaration; and alleged that, if the plaintiff should prove the issuing of any execution as alleged, the defendant gave a note in satisfaction of the alleged judgment and execution to the plaintiff's attorney, who received the same in satisfaction of the execution.

A trial was had in the court of common pleas at October term 1858, before *Bishop,* J., who, after verdict for the plaintiff,

signed a bill of exceptions, the material part of which is stated in the opinion.

*I. Sumner & J. E. Field,* for the defendant.

*M. Wilcox,* for the plaintiff

HOAR, J. The exception to the rejection of the defendant's evidence that, at the time of giving the note to the plaintiff's attorney, he also gave him, for the residue of the judgment, some money and a check, which had since been paid, cannot prevail, because the defendant has not set forth in his answer any other payment than a payment by note. The evidence offered did not tend to prove any fact at issue between the parties.

The remaining exceptions are all taken to the exclusion of evidence which the defendant offered in order to show that William A. Forbes should have been joined with him as a co-defendant in the action, or to evidence offered by the plaintiff to prove the reason which he had assigned in his declaration for not joining Forbes as a defendant. Without considering in detail the several rulings of the judge who tried the cause, or giving any decision upon them, we find an answer to the exceptions, which is in our judgment conclusive. To what issue was all this evidence applicable ? If to any, certainly to the issue whether Forbes should have been joined as a defendant. This is not an issue which would determine any matter in bar. If it were found that he should have been joined, it would be no bar to the plaintiff's action, but would only abate his writ. The judgment of the court, if such an issue were found for the defendant, could only be that the writ abate. But, in the first place, there was no answer in abatement, according to the provisions of the practice act, filed in the case, to raise such an issue ; and secondly, no exceptions lie to the decisions of the court of common pleas upon pleas in abatement, so that, if this answer could be construed as an answer in abatement, the judgment upon it is not the subject of exception.

*Exceptions overruled.*